VINCENT DAVIS v. JAMES STROBRIDGE.

*Oral land contract—Failure of consideration—Action for money paid—Interest.*

An oral contract for the sale of land is made valid by part performance.

When a person who has contracted to sell land proceeds to rescind the contract and oust the other party the latter may acquiesce and consider it at an end; and as there is a failure of consideration for whatever he has paid on the contract, he may recover it back under the equitable count for money had and received.

Interest is recoverable in an action for money paid without consideration under a land contract where the amount recovered does not adequately compensate for damages.

Where land is cleared in reliance on a contract for its sale, and the contract is rescinded without fault of the party relying on it, and the benefit of the work is appropriated by the other, the latter becomes liable to pay for it.

Error to Oceana. Submitted June 15. Decided June 23.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Fred. J. Russell* for plaintiff in error. Money paid upon a rescinded contract may be recovered back : *Raymond v. Bearnard* 12 Johns. 274 ; *Gillet v. Maynard* 5 Johns. 85 ;

*Simmons v. Putnam* 11 Wis. 193; *Wilbur v. Flood* 16 Mich. 40; *Thomas v. Sowards* 25 Wis. 631; *Payne v. Atterbury* Har. Ch. 414. And where the contract is for land, and the purchaser relying on it makes improvements the benefit of which the other party obtains, the latter is liable for them: *McIndoe v. Morman* 26 Wis. 590; *Minert v. Emerick* 6 Wis. 355; *Cole v. Clarke* 4 Chand. 29: 3 Wis. 323; *Thompson v. Thompson* 16 Wis. 94; *Waterman v. Dutton* 6 Wis. 265; *Green v. Dixon* 9 Wis. 532.

*Ed. E. Edwards* and *A. G. Day* for defendant in error. Where a land contract is rescinded after payments have been made under it, the purchaser cannot recover back all that he has paid if he has had the use of the land meantime: *Hunt v. Silk* 5 East 449.

GRAVES, J. This is a case made after judgment. The action was commenced before a justice of the peace and taken by appeal to the circuit court and there tried without a jury. The hearing was on the common counts and the general issue. A portion of the evidence is brought up, but not all. The judge made special finding, which he subsequently amended at defendant's instance. No means are afforded for inquiring whether the evidence required the finding of other facts or a modification of the series of facts actually found.

The only question raised is whether the judge's conclusions of fact support the judgment. They are, in substance, that in March, 1876, the defendant orally agreed to sell the plaintiff forty acres of land for $750; that the plaintiff was to pay down $100 and at least $100 in each year thereafter until the whole amount with interest should be paid, and that the defendant within a few days would cause the agreement to be reduced to writing; that the plaintiff immediately paid the first instalment of $100, and was at the same time admitted into actual possession under and in pursuance of the contract; that the plaintiff proceeded to occupy the land and made an improvement in the form of clearing of the value of $20, and in October of the same year paid $50 more on

the purchase price; that in December following the plaintiff offered to pay $200 more if the defendant would have the contract put into writing according to the understanding, but the defendant refused and informed the plaintiff that unless the whole residue of the purchase price was paid in twenty days he would dispossess the plaintiff of the premises; that the plaintiff offered to surrender the land if defendant would refund the amount, being $150, which had been paid, but defendant refused to do so; that the defendant in January, 1877, notified the plaintiff in writing to surrender the premises, and that the latter elected to consider the notice as a rescission of the agreement and vacated the premises in accordance with it; that up to the time of the demand of possession the plaintiff had kept the agreement on his part. The amount allowed consisted of the purchase money and interest and the value of the clearing, making in all $177.24, and for this judgment was given.

The contract of sale became a valid one by part performance (*Scott v. Bush* 26 Mich. 419), and when the defendant proceeded to take measures to oust the plaintiff and put an end to the contract, the latter was at liberty to acquiesce and consider it as determined by the former. This he did, and as a consequence there was a failure of consideration for the purchase money which had been paid, and the defendant became liable to pay it back under the equitable count for money had and received, and according to our previous decisions the allowance of the interest was not illegal. The clearing was a valuable service to the land. It was made in reliance on the partly executed agreement, and by repudiating that agreement the defendant appropriated it. By so doing he made himself liable for it. He could not retain the benefit without paying for it.

As no error is shown the judgment must be affirmed with costs.

The other Justices concurred.