## BOWENS *vs* FRICK & Co.

CLAIM, FROM DODGE. Sales. Evidence. Conditional Sales. Election. Debtor and Creditor. Evidence. Waiver, (Before Judge Kibbee.)

Hall J. — Where, on the trial of a claim case, the claimants relied upon a contract of sale by which they retained title in themselves until payment should be made, and counsel for plaintiff in fi. fa. proposed to ask a witness where the property was and who had it in possession, stating that the object of such proposed evidence was to show that plaintiffs had made another sale of the property and were receiving pay from some other person, there was no error in rejecting the question offered. It does not appear how it was possible, from the location and possession of the property, to deduce the conclusion sought to be reached; especially as it had been fully shown that the claimants had never been paid for it, and the evidence repelled the presumption that they in any way participated in the arrangements by which it passed into the hands of the defendants.

2. The fact the claimants had brought suit and obtained judgment for the purchase money against the persons who bought the property from them, and from whom the defendants in fi. fa. had purchased it, did not authorize the assumption that they had elected to proceed for the price, and had thereby given up all right to proceed against the property. This was the first step necessary to make the title retained available as a security for the debt, if they saw fit, instead of bringing trover, to avail themselves of the remedy given by the act of 1871, and after obtaining judgment and issuing execution, to convey title to the property to their judgment debtors, and have it sold to satisfy the claim. At all events, if the common law judgment proved fruitless, the vendors still had their remedy to enforce the security retained for the payment of their debt. Code, §§1869, 1971 ; 69 Ga., 433.

3. The act of 1881 (Code, §1955, a,) is not retroactive, and a contract for the conditional sale of personalty, with the retention of title to secure the purchase money, made prior to the passage of that act, does not fall within its terms.

(a.) Besides the objection to the contract in this case was not specially made on the ground of not being recorded.

(b.) Exceptions not having been taken to the introduction of notes for want of proof of execution, the necessity of such proof was waived.

(c.) Parol testimony is admissible to apply a writing to its subject. Judgment affirmed.

Delacy & Bishop, by J. H. Lumpkin, for plaintiff in error.
Roberts & Smith, for defendants.