## VANATTER v. MARQUARDT.

LAND CONTRACTS — FORFEITURE — INFANTS — RECOVERY OF PAY-
MENTS.
> Where the vendor in a land contract declares the contract for-
> feited for nonpayment, and obtains possession of the land,
> the vendee, who is a minor, may sue at once to recover his
> payments, less the value of the use of the land; it is not
> necessary to wait until he becomes of age to repudiate the
> contract.

Error to Macomb; Tucker, J.    Submitted June 12,
1903.    (Docket No. 157.)    Decided July 8, 1903.

*Assumpsit* by Frederick A. Vanatter, by next friend,
against William Marquardt, to recover money paid upon
a land contract.    From a judgment for plaintiff, defend-
ant brings error.    Affirmed.

This case was tried before the court without a jury, and

a finding of facts and law made. On May 8, 1899, defendant made a contract with the plaintiff to sell him a lot of land in the city of Mt. Clemens for $250,—$5 down, and balance payable on or before 10 years, with interest at 6 per cent., payable semi-annually; plaintiff to pay the taxes and assessments, ordinary and extraordinary. Upon payment, defendant agreed to execute a proper deed. Upon failure to make any payment, defendant had the right to declare the contract void, and retain what had been paid upon it. Plaintiff was 14 years old; lived at home. His father was poor, and was in need of the earnings of his son, who worked as a printer, receiving $2.50 a week. The boy had no means. The contract was made without the knowledge or assent of his father. The boy had paid $24.55. Upon failure to make a payment, defendant served him a notice declaring the contract void, and his interest in the lot forfeited, unless he paid the amount within 10 days. The plaintiff thereupon instituted this suit to recover the amount he had paid. The court deducted the value of the use of the lot during the time it was occupied by the plaintiff from the amount paid, and rendered judgment for plaintiff for $16.55. Plaintiff obtained judgment in both the justice and circuit courts.

*Silas B. Spier*, for appellant.

*Martin Crocker*, for appellee.

GRANT, J. (*after stating the facts*). Counsel for defendant, in his brief, contends that plaintiff, being a minor, must stand by his contract until he becomes of age, and then he may ratify or repudiate it. If this be so, it must follow that defendant could not rescind the contract for nonperformance. He certainly could not sue the minor and compel him to pay, or enforce action at law or in equity which the minor has the legal right to afterwards repudiate. Defendant concedes he has made a contract voidable at the option of the plaintiff, but now seeks either to compel payment or a forfeiture of the contract. Ac-

cording to his own theory, the minor is entitled to exercise his choice of ratification or rejection after he becomes of age. If this be so, the defendant has made a contract which must stand in abeyance until the time arrives when the minor can legally bind himself by his action. To hold that a minor must pay according to the terms of his void-able contract, obtain a deed, and then repudiate the trans-action after he becomes of age, tender back the deed, and sue to recover the purchase price, would be little short of absurdity. Defendant has chosen to annul the contract, and must accept the result of his own deliberate action. Plaintiff's counsel, in his brief, states that plaintiff, upon receiving notice of the forfeiture, abandoned the land. While there does not appear to be any finding of this fact, it is not denied by counsel for the appellant. The only question, therefore, is, Can plaintiff maintain an action to recover what he has paid? According to his own theory, defendant has relied upon his right to forfeit the contract, has forfeited it, and either has recovered possession of the land or is entitled to it, and now seeks to retain what the minor has paid on the contract. He is, therefore, in the wrong, and cannot retain the benefit of his own wrong-doing as against an infant. He has received payment for the use of his land, and this is all to which he is entitled, either in law or equity. *Davis* v. *Strobridge*, 44 Mich. 157 (6 N. W. 205). If the plaintiff himself had been the moving party to repudiate the contract, and had then sought to recover the amount paid, a different and important question would be presented, which we need not discuss.

Judgment affirmed.

The other Justices concurred.