### LIGHTFOOT *v.* BROWER *et al.*

1. A plaintiff in ejectment can not have equitable relief against a sole non-resident defendant.    But if such defendant by plea and cross-petition prays affirmative equitable relief, he thereby voluntarily submits himself to the jurisdiction of the court in relation to all matters directly connected with the relief for which he prays.
2. The charge of the court was adapted to the pleadings and evidence, and the verdict of the jury was an equitable adjustment of the respective rights of the parties.

Decided January 12,—Rehearing denied February 18, 1910.

Ejectment.    Before Joseph E. Pottle, judge pro hac vice. Greene superior court.    January 20, 1909.

In 1903 Anne E. Brower and her husband, L. W. Brower, contracted to sell to Lightfoot and others a tract of land in Greene county.    The vendees agreed to pay $900 for the land, $100 cash, and the balance in successive annual instalments; and the vendors agreed that upon receipt of the last instalment of the purchase-money they would execute to the vendees "good and sufficient deeds with covenants of warranty of title."    The contract further provided:  "The parties of the second part [the vendees] shall be entitled to the possession of said real estate from the delivery of this agreement, and shall pay all taxes thereon.    Should they fail to pay said taxes when due, the parties of the first part may do so; and the sum or sums so paid for taxes by the parties of the first part shall, with interest, be refunded to them before they shall be compelled to make said deeds.    The parties of the second part shall take good care of said property and commit no waste; they may cut necessary wood from the swamps and hedges on said property, but

they shall not in any event cut any of the original pine forest or timber.    Should the parties of the second part fail to make said payments when due, or to keep said taxes paid, or should they violate any of the stipulations of this agreement, the parties of the first part shall have the right to re-enter said premises and take possession thereof, and to cancel this agreement; and all the money previously paid by the parties of the second part shall be considered as rent for said property, and shall not be refunded."

The vendees made the cash payment and went into possession of the property.    Subsequently Lightfoot acquired the interest of the other vendees, and made the annual payments for 1904 and 1905. In 1907 the vendors sued Lightfoot to recover possession of the land, and under equitable pleadings the jury by their verdict awarded the land to the plaintiffs and a judgment to the defendant against the plaintiffs for $73, being the excess of money paid over the rental value.

The defendant excepts to the overruling of his motion for a new trial, assigning error on rulings made pending the trial.    Other facts are stated in the opinion.

*Park & Park* and *James Davison,* for plaintiff in error.

*Joseph P. Brown* and *George A. Merritt,* contra.

EVANS, P. J.    At the close of the plaintiffs' evidence the defendant moved for a nonsuit on the ground that it appeared from the deed upon which the plaintiffs relied to show title that they did not have a fee-simple title, but only a conditional life-estate in Anna E. Brower.    The trial judge overruled the motion, and the defendant excepted.    There was no error in overruling the motion. The defendant, as vendee in a contract of purchase, could not set up, as a defense to an action by the vendors to recover the possession of the land, that the latter had no title.    It was not an issuable defense.    *Hill* v. *Wimberly,* 60 *Ga.* 337; 7 Enc. Pl. & Pr. 319.    The inability of the vendors to make the title which they had contracted to make would give the vendee a cause of action against the vendors for breach of contract, and would justify him in refusing to make further payments on the purchase-price, but could not be set up as a reason why he should be allowed to retain possession of the land as against his vendors and at the same time refuse to pay the purchase-price.    29 Am. & Eng. Enc. L.    (2d ed.) 706.

2.    The plaintiffs' original declaration was in the form of a stat-

utory complaint for land, from which it appeared that the land was located in Greene county, the venue of the suit, and the defendant was a resident of Hancock county. In the original answer the defendant admitted that the plaintiffs had the legal title, but averred that he was rightfully in possession by virtue of a contract of purchase, and that he had fully performed all the obligations and conditions of the contract; and he asked that the plaintiffs be made to perform specifically their contract by executing to him a deed to the premises. At the trial the plaintiffs amended their petition by setting forth the contract, and alleging that the defendant had violated the conditions subsequent therein contained, and had forfeited his right to longer remain in possession, by defaulting in the payment of the purchase-money, by failing to pay the taxes, and by cutting timber not authorized by the contract. They offered to put the defendant in statu quo by returning to him the purchase-money paid, less the rental value of the property during the time he had been in possession. The defendant objected to the amendment, on the ground that it was not germane to the issues in the case; which objection was overruled. During the progress of the trial the defendant was allowed to amend his pleadings, setting forth the various payments he had made on the purchase-money, and that, in addition thereto, he had placed permanent improvements upon the land of the value and character set out in the amendment; that when he purchased the land the plaintiffs represented to him that they were the absolute owners, and that it has developed in the trial that the vendor has only a life-interest, and that the defendant would not be protected in making any further payments, on account of the defective title of the vendor; wherefore he files this amendment in the nature of a cross-bill, praying a decree appointing a commissioner to sell the land at public sale, and from the proceeds to pay the defendant the purchase-money which he has expended, including the taxes and improvements placed upon the land. The court instructed the jury, that, in the event a rescission of the contract was had, the plaintiffs would be entitled to recover the land, and that they should restore to the defendant the value of his permanent improvements and the amounts paid on the purchase-money and taxes, with interest, less the reasonable rental value of the land while in the possession of the defendant.

One of the assignments of error is to the effect that the plaintiffs

are not entitled to equitable relief against the defendant, because the suit was not brought in the county of his domicile. It is true that in an action of ejectment the plaintiff can not recover of a non-resident defendant equitable relief (*Vizard* v. *Moody*, 115 *Ga.* 491 (41 S. E. 997)); but the defendant amended his plea, praying affirmative equitable relief against the plaintiff, and by so doing gave jurisdiction to the court to the extent of passing upon the issues which the defendant's equitable amendment injected in the case. *Markham* v. *Huff*, 72 *Ga.* 874; *Ray* v. *Home &c. Co.*, 106 *Ga.* 492 (32 S. E. 603). It developed on the trial that the plaintiffs had only a life-estate, and were not in a position to convey to the defendant an absolute title in fee simple, as obligated in the contract of purchase. When this fact appeared, both sides amended their pleadings, claiming a rescission, one upon the ground that the vendee had forfeited his rights under the contract by a violation of its terms, and the other upon the ground that the vendors could not carry out the terms because of a defect in their title. There was no pretense that any fraud or artifice was used by the vendors in procuring the contract. In this state of the case the court charged the jury that the plaintiffs would be entitled to recover the land with reasonable rents, and that the defendant would be entitled to have compensation for the purchase-money and taxes paid by him, with interest, and also the value of the improvements. We have carefully examined the evidence, and we believe that the charge was adapted to the case made; and the verdict was a proper solution of the respective equities of the parties, as shown in the evidence. In view of the defendant's equitable pleadings, there was no error in allowing the amendment complained of.

*Judgment affirmed. All the Justices concur.*