### 3793. Buck et al. v. Duvall.

Russell, J. This case is fully controlled by the decision rendered when the case was previously here (9 *Ga. App.* 656). The defendants' answer failed to allege a rescission. There is nothing in the answer to negative the right of the vendee, under the bond for titles, to cut and sell the timber, the value of which the defendants sought to set off against the plaintiff's demand for the purchase-price which the defendants were alleged to have received in a resale of the property without notice to the holder of the bond for title. (The plaintiff's action was one brought by the holder of a bond for title, to recover the amount defendants had received in a sale of the premises described in the bond for title, which sale had not been authorized by him.) There could not be a rescission unless the vendors notified the vendee (the holder of the bond for title) of their purpose to rescind, and tendered him the amount he had previously paid. The vendors, holding the legal title, had the right to proceed against the vendee, the holder of the bond for title, and to recover the unpaid purchase-price, by a sale of the premises under their judgment, or could have recovered possession of the land in question by buying it in at the sale consequent upon the levy of a fi. fa. for the unpaid purchase-price. In that event, the vendors would have been discharged from any liability to repay the portion of the purchase-price that they had received from the vendee, although they may have secured the property at a price far below its value. But having elected to totally disregard their bond for title and the rights of the purchaser thereunder, the sale effected by them must be treated as having been made by them as agents for the vendee, and they must account to him for the price received by them on resale, less the amount due to them by him upon the original purchase-money notes. As to the right of a purchaser of land in possession under bond for title, to cut and sell timber, see *Guin* v. *Hilton & Dodge Lumber Co.*, 6 *Ga. App.* 484 (65 S. E. 330).          *Judgment affirmed.*

Decided September 24, 1912.

Action for damages; from city court of Tifton—Judge R. Eve. October 9, 1911.

*L. P. Skeen,* for plaintiffs in error.

*R. D. Smith, Fulwood & Murray,* contra.