### 13898.   CLARK *v.* POWELL.

JENKINS, P. J. " A rescission of the contract by consent, or a release by the other contracting party, is a complete defense." Civil Code (1910), § 4304. In such a rescission by consent of a contract for the purchase of real estate, " in the absence of any agreement to the contrary in the subsequent contract of rescission, the rule governing a recovery is that the purchaser is entitled to a return of the partial payments plus the value of any improvements made, less a deduction of the rental value of the land and any injury or damage to the property during the term of occupancy." *Haygood* v. *Kennedy,* 27 *Ga. App.* 689 (109 S. E. 522). In cases where the vendor is entitled to rescind without the consent of the opposite party, by virtue of the latter's non-performance of his covenants (Civil Code, § 4306), the vendee " can not take advantages of his own wrong so as to give himself a standing as plaintiff in an action to recover for improvements or purchase-money paid in part performance of the contract of sale. Such claim can only be asserted defensively, where the vendor by exercising the right of rescission has clothed the vendee with the correlative right to be restored to his status." *Lytle* v. *Scottish American Co.,* 122 *Ga.* 458, 468 (50 S. E. 402, 406). In the instant case, which is a suit to recover a part payment made on the purchase of land, the evidence of both the plaintiff and the defendant, and the letters of the defendant written almost immediately after the contract of sale, authorized the jury to find that the contract of purchase and sale was treated by each of the parties as having been mutually rescinded, and the purchaser released therefrom within forty-eight hours from the time it became effective, if, indeed, under a portion of the evidence relating to the date at which delivery of possession by the vendor was contemplated, there ever was a complete meeting of the minds of the parties. The evidence negativing a delivery of possession by the vendor, and any injury, damage, or loss to the vendor prior to such agreed rescission, the purchaser was entitled to recover the partial payment. *McDaniel* v. *Gray,* 69 *Ga.* 433.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> DECIDED APRIL 14, 1923.

Complaint; from Richmond superior court — Judge Henry C. Hammond. July 22, 1922.

*W. I. Curry,* for plaintiff in error.

*William H. Fleming,* contra.