CROY *v.* HAWKINS' ESTATE.

1. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

In an action against the estate of a deceased person for money alleged to have been paid under an oral contract with deceased, an instruction to the jury that they must bear in mind the fact that claimant took the stand and was not permitted to testify should not militate either for or against her, *held*, not open to the objection that it was prejudicial to defendant in that its tendency was to cause the jury to believe that plaintiff had not been given a fair deal by the law, when taken in connection with the rest of the court's statement on the subject, which correctly explained the purpose of the statute which prohibited plaintiff from testifying to matters equally within the knowledge of the deceased.

2. FRAUDS, STATUTE OF—ORAL CONTRACT—MONEY PAID UNDER ORAL CONTRACT RECOVERABLE AFTER OUSTER.

Competent proof that plaintiff went into possession of real property under an oral agreement to purchase, that she

paid part of the purchase price and was thereafter ousted by the vendor, would entitle her to recover the amount paid, although a complete oral agreement, certain and definite in all of its terms, was not shown.

3. SAME—VENDOR AND PURCHASER—ORAL CONTRACT—EVIDENCE—SUFFICIENCY.

Evidence *held*, sufficient to take to the jury the question as to whether money paid by plaintiff was paid under an oral contract of purchase of real property of which she was in possession, but from which she was later ousted.

Error to Bay; Houghton (Samuel G.), J. Submitted June 6, 1924. (Docket No. 72.) Decided July 24, 1924.

Alma Croy presented a claim against the estate of Catherine Hawkins, deceased, for an amount paid on a land contract. The claim was disallowed by the commissioners, and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Collins & Thompson,* for appellant.

*J. L. McCormick,* for appellee.

McDONALD, J. The defendant seeks to review by writ of error a judgment entered in the circuit court for Bay county, in favor of the plaintiff. The plaintiff's case is based upon an oral contract which she claims to have made with Catherine Hawkins in May, 1922, for the purchase of certain property in Bay City. She says that in pursuance of such agreement she went into possession of the property and remained thereon until September, 1922, at which time Mrs. Hawkins dispossessed her; that she made payments of $60 per week on the purchase price and that at the time of her ouster she had paid $2,160. Subsequently,

Mrs. Hawkins died, and the plaintiff filed a claim against her estate to recover the amount that she had paid on the contract. She received a verdict and judgment for $2,277.

The defendant discusses two reasons why the judgment should be reversed.

1. That the court erred in instructing the jury as follows:

"You must bear in mind the fact that the claimant took the stand and was not permitted to testify should not militate either for or against her in this case."

The defendant contends that this was prejudicial in that its tendency was to cause the jury to believe that the plaintiff had not been given a fair deal by the law, which did not permit her to testify. For the purpose of their objection, counsel have selected a part only of what the court said on that subject. He very properly and correctly explained to the jury the purpose of the statute which prohibited the claimant from testifying to matters equally within the knowledge of the deceased, and then told them that the fact that she was not permitted to testify should not be used for or against her. We are unable to appreciate the force of counsel's argument as to the prejudicial effect of this instruction. It was not error.

2. The second reason urged for a reversal of the judgment is that there is no competent proof of any contract, oral or written, between the parties, or that the money which the plaintiff seeks to recover was paid on the purchase price of the property in question, and that, therefore, the court should have directed a verdict for the defendant. To entitle the plaintiff to recover it is not necessary that the evidence should show a complete oral agreement certain and definite in all of its terms. It is sufficient if it appears by competent proof that the plaintiff went into possession of the property under an oral agreement to purchase,

paid part of the purchase price, and was thereafter ousted by the vendor. Under such circumstances, she would be entitled to recover the amount paid.

"When one who has contracted orally to sell land, rescinds the contract and ousts the vendee in possession, the latter may acquiesce and recover money paid on the contract." *Robinson* v. *Batzer,* 195 Mich. 235.

In the instant case the evidence does not show a complete and certain oral agreement, but there is proof that the plaintiff went into possession and paid $60 a week to an authorized agent of the vendor, that when the payments amounted to $1,500 she was given a receipt in which it was recited that $1,500 had been paid "on contract," and that the agent was directed by the vendor to so write the receipts. It also appears that, while the plaintiff was in possession, Mrs. Hawkins told several people that she had sold the property to her. The fact of these receipts reciting payments "on contract" and the statements made by Mrs. Hawkins, that she had sold the property to the plaintiff, negatives any other relation than that of vendor and vendee. It is some evidence that the plaintiff was in possession under an oral contract of purchase. It was a question for the jury and the court was not in error in refusing the defendant's motion to direct a verdict.

The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.