### 16929.   JONES v. CLEMONS et al.

BELL, J.   1. Where an owner sells land and executes a bond to make title on payment of the purchase-money, and thereafter conveys the land to a third person to secure his own debt and without stipulating or providing that the conveyance is subject to his prior bond for title, he commits a breach of the bond. *Gibson* v. *Carreker*, 91 *Ga.* 617 (17 S. E. 965); *Cumming* v. *McDade*, 118 *Ga.* 612, 614 (45 S. E. 479); *Peterson* v. *Harper*, 13 *Ga. App.* 112 (2) (78 S. E. 942).

2. In such a case the vendee may elect either to sue the vendor for damages or to treat the contract as rescinded and sue for such sum as will restore the status. *Buck* v. *Duvall*, 9 *Ga. App.* 656 (72 S. E. 44); s. c., 11 *Ga. App.* 853 (76 S. E. 1053). In the present case the vendee elected to treat the contract as rescinded.

3. Although the vendee, being in possession, could have stood his ground and defeated the claim of the holder of the security deed (see Civil Code (1910), § 4528; *Burr* v. *Toomer*, 103 *Ga.* 159 (29 S. E. 692); *Ga. State Bldg. & Loan Asso.* v. *Faison*, 114 *Ga.* 655 (40 S. E. 760); *Gholston* v. *N. E. Banking Co.*, 158 *Ga.* 291 (123 S. E. 111, 35 A. L. R. 23)), he was

---

Trial, 38 Cyc. p. 1578, n. 39.

Vendor and Purchaser, 39 Cyc. p. 1388, n. 15; p. 1653, n. 42; p. 1997, n. 94, 96; p. 2013, n. 90; p. 2097, n. 3.

not compelled to do so, since the act of his vendor amounted to a repudiation of the contract and operated to cast a cloud upon the vendee's interest in the property. *Adams* v. *Bridges*, 141 *Ga.* 418 (*c*) (81 S. E. 203); *Hinton* v. *McBride*, 147 *Ga.* 603 (2) (95 S. E. 1); *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538 (17 S. E. 663).

4. Under the pleadings and the evidence a substantial recovery by the plaintiff would have been authorized. It follows that the court erred in directing a verdict for the defendants.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 18, 1926.

Action for breach of bond; from Walker superior court—Judge Wright. August 21, 1925.

*Julius Rink, R. M. W. Glenn,* and *Rosser & Shaw,* for plaintiff.
*McClure & McClure, M. Neil Andrews,* for defendants.