17829.  HAYGOOD v. EDWARDS.

STEPHENS, J. 1. This being a suit upon a note given by the defendant for the purchase-money of land, and there being evidence to authorize the inference that he never acquired possession of the land, and that after the execution of the note sued on and his acceptance of a bond for title to the land from the plaintiff, the plaintiff, without the defendant's knowledge or consent, conveyed the land to another by an absolute deed of conveyance which was given to secure a debt and which contained no provision that it was made subject to the then-outstanding bond for title to the defendant, the jury were authorized to find that the plaintiff committed a breach of the bond for title, and the verdict found for the defendant was, as a matter of law, authorized. *Jones* v. *Clemons*, 35 *Ga. App.* 552 (133 S. E. 744).

2. A vendor of land can not, after having committed a breach of his bond for title, compel the purchaser to accept a deed to the property.

3. Where both sides introduced evidence and closed, and both sides moved for the direction of a verdict, and where the judge remarked in the presence of the jury, "there is no issue in this case to present to the jury under the present state of the record, and, in view of the fact that the Supreme Court seems to have adjudicated the law of it, the court directs a verdict in favor of the defendant," and where the plaintiff thereupon, with leave of the court, reopened the case and proceeded to introduce further testimony, and the court then stated in the presence of the jury that if the plaintiff's counsel could establish by proof the facts which he stated he expected to prove, that would make an issue for determination by the jury, an assignment of error in the plaintiff's motion for a new trial, that the judge's first remark, as indicated above, prejudiced the plaintiff's case, fails to show cause for a new trial, where it is not assigned that it would have been error to direct a verdict in favor of the defendant under the evidence as it stood at the time the remark was made.

4. It is no ground for setting aside a verdict, on a motion for a new trial, that a juror, after the rendition of the verdict, made affidavit that the verdict was rendered under a misapprehension or misconstruction of the evidence. *Coleman* v. *Slade*, 75 *Ga.* 61 (13); *Southern Ry. Co.* v. *Sommer*, 112 *Ga.* 512 (1) (37 S. E. 735).

5. The evidence authorized the verdict for the defendant, and no error of law appears.

                    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

                            DECIDED OCTOBER 1, 1927.

Complaint; from Forsyth superior court—Judge John S. Wood. November 13, 1926.

Application for certiorari was denied by the Supreme Court.

*A. B. Tollison, J. P. Brooke,* for plaintiff.

*Morris, Hawkins & Wallace,* for defendant.