## MATTHEWS *v.* COLLIER.

No. 6999.   May 18, 1929.

*H. J. Kennedy* and *Claude Christopher,* for plaintiff.
*Cleveland & Goodrich,* for defendant.

GILBERT, J. Matthews filed a petition to enjoin Collier from enforcing a judgment obtained in the city court of Barnesville against Matthews, and from proceeding with the trial of a traverse to an answer to a summons of garnishment, as well as to recover judgment for the purchase-price paid Collier for certain lands and taxes thereon, with interest. The petition set up that the Court of Appeals had affirmed the city-court judgment in favor of Collier; but that petitioner was entitled to rescind the contract for purchase of said lands and recover the above sums, because "the sale of the lands hereinbefore alleged was a sale by the acre and not a sale by the tract, and that the lands sold contains fewer acres than that stipulated in the contract," a copy of which was attached as an exhibit; that when Collier sued Matthews, garnishment issued against a bank, which answered, and said answer was traversed, and said issue was still pending; that Collier re-entered into possession, ousting plaintiff, while said judgment of said city court was pending in said Court of Appeals for review, which act, and that of making repairs and renting the lands, constituted a rescission of the contract by Collier in law. Collier demurred on the ground that the petition made no valid legal or equitable cause against him, and because the matters it set up were res adjudicata. The demurrer was sustained, and Matthews excepted.

The petition stated a cause of action. If the vendor re-entered and took possession of the land, ousting the vendee, such action amounted to an election to rescind. *McDaniel* v. *Gray,* 69 *Ga.* 433; *Stephens* v. *Bond,* 155 *Ga.* 20 (115 S. E. 913). This case differs from *Rodgers* v. *Caldwell,* 122 *Ga.* 279 (50 S. E. 95), relied on by defendant in error. In that case the vendor had caused the land to be sold at sheriff's sale under his fi. fa., and had become the purchaser.

*Judgment reversed. All the Justices concur.*