ROSEMA *v.* SEYDEL.

1. Contracts—Allowance for Material.

Where, under contract for remodeling building, contractor was to have material in partition in consideration of reducing contract price $40, and later parties agreed that another person might have it for $18.95 and that owner be charged in favor of contractor with that amount, owner should not be charged with both amounts, since agreement was that he be charged only $18.95.

2. Same—Extras—Weight of Evidence.

In action by contractor against owner of building being remodeled under contract with tenant, finding of trial court that owner agreed to pay for installation of I-beam rendered necessary by work being done, *held*, not against clear weight of evidence.

3. Same—Cost of Removal of Waste.

In view of work being done for owner of store building and tenant in remodeling same, and resulting confusion as to liability therefor, equal division of cost of removal of waste between owner and tenant, *held*, fair.

Error to Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 22, 1929. (Docket No. 22, Calendar No. 34,387.) Decided January 24, 1930.

Assumpsit by Nanco Rosema against L. Victor Seydel and others on a contract for construction. From a judgment for plaintiff, defendants bring error. Reversed in part, and entry of judgment directed.

*Elvin Swarthout,* for plaintiff.

*Knappen, Uhl & Bryant,* for defendants.

CLARK, J. Plaintiff's suit to recover remainder due on contracts to make certain improvements on a building of defendant and for sums claimed for extras, tried without jury, resulted in judgment for plaintiff. Defendant brings error. The trial judge stated facts, quoting:

"Plaintiff is a building contractor and the defendants are the owners of a three-story building with two stores on the lower floor, the one to the south being number 253 Monroe avenue, and the one to the north being number 255 Monroe avenue, and having its north side on Erie street. Toward the latter part of April, 1923, the parties entered into two written contracts, one for the remodeling of the store front at 253 Monroe avenue and the other for the building of a tile wall and other improvements in the interior of the same partition of the building. At the time these written contracts were made, the plaintiff already had a contract for the remodeling of the corner store, viz., number 255 Monroe avenue, which contract was made with the tenant of the defendants by agreement with the defendants that the tenant might remodel the same at his own expense. During the course of the work, it was found necessary to do work other than that contemplated by either of the contracts; and in view of the extensive remodeling by the tenant, considerable extra work was required to provide support for the floors above the store occupied by the tenant. There are also extras for work done at the home of the defendants. The principal dispute arises over a difference of opinion as to whether the plaintiff has properly charged extras to the defendants or whether they should be charged to the tenant occupying the store, who was doing his own remodeling. The difficulty in deciding the matters disputed arises both from the neglect of the plaintiff to make his charges so that they definitely state

for what work they are made, and also from the indefiniteness of the testimony on both sides.''

If the work on both stores had been done under contract with defendant, the owner, it is probable that this suit would not have been instituted. Plaintiff was remodeling the building under, contracts with the owner and with a tenant, and the chief difficulty is to segregate the part to be paid for by defendant, and this situation, we think, accounts in part at least for the character of the evidence and difficulty of right decision. The remainder due on the contracts is $188.

The question is of extras, some of which we will discuss. In making the contract, plaintiff was to have the material taken from a partition, for which he reduced the contract price $40. Later the parties agreed that another person might have it for $18.95 and that defendant be charged in favor of plaintiff with that amount. Plaintiff contends that defendant should be charged with both $40 and $18.95, and the court so found. The agreement was that plaintiff have but $18.95. He should be held to it, and the judgment reduced accordingly.

To fulfil his contract with the tenant, it was in effect necessary that plaintiff install an I-beam on the Erie street side of the building. This was a difficult and expensive task. There is evidence that plaintiff was directed by defendant to put this I-beam in the Erie street front, and that he was to pay for it. This is corroborated by a supplemental agreement made by defendant with his tenant. The finding of the trial court in his allowance to plaintiff in this regard cannot be held to be against the clear weight of the evidence and it may not be disturbed.

For removing waste incident to the work of remodeling, plaintiff made equal division of the charge between defendant and the tenant. In view of the holding that defendant is liable for the installation of the I-beam, in connection with which there was much waste, we think the division a fair one, and it is approved.

On consideration of other items of the account, we are in accord with the trial court. The evidence, in many respects, is not clear. There was confusion in plaintiff's duties under the several contracts or agreements, for which both parties are responsible. The consequence of such confusion ought not to be placed on plaintiff alone. His claim ought not to be denied because of the resulting difficulty of adducing clear proof. The evidence is, we think, sufficient to sustain the finding of the court respecting all items except that of $40. The judgment is reversed in part, and the trial court advised to enter judgment for plaintiff as indicated, with costs. In this court no costs will be awarded to either party. *Robinson* v. *Batzer,* 195 Mich. 235.

WIEST, C. J., and BUTZEL, SHARPE, NORTH, and FEAD, JJ., concurred. POTTER, J., concurred in the result. McDONALD, J., took no part in this decision.