### 38066.  WOODRUFF *v.* CAMP.

CARLISLE, Judge.  Count 1 of the petition in this case alleged in substance that the defendant entered into an oral contract with the plaintiff to sell to him certain described real property located in Gwinnett County (setting out in the petition a description thereof); that on the date the parties entered into the contract the plaintiff paid to the defendant the sum of $200 to apply on the purchase price of said property and received from the defendant a written receipt therefor as follows: "Received from J. C. Woodruff the sum of two hundred and no/100 ($200.00) dollars earnest money on the purchase of twenty (20) acres of land more or less on which is located a four room house. The lines to be surveyed. The purchase price to be three thousand and no/100 ($3,000.00) dollars, with the earnest money constituting the down payment and the balance to be represented by note payable $25.00 per month. This the 13th day of May, 1958.

/s/ Mrs. C. M. Camp";

that plaintiff immediately employed a surveyor to conduct the survey of the property, but before the survey could be made the defendant conveyed the property to a third party; that upon learning this fact, the plaintiff demanded a return of his $200; but that the defendant has refused to return the same and retained the possession of it; that the defendant has not acted in good faith in the matter and is, therefore, liable to the plaintiff for attorney's fees for which he sues. The prayer

was for process, judgment in the amount of $200, plus 7 percent interest from May 28, 1958, and the recovery of reasonable attorney's fees. The defendant filed general and special demurrers to a petition, which was in two counts, and the trial court, without passing on the special demurrers, sustained the general demurrers to both counts and dismissed the petition. This ruling and judgment is assigned as error in this court, but counsel for the plaintiff in error in their brief argue only that the sustaining of the general demurrer to count 1 of the petition was error and apparently have abandoned their assignment of error with regard to the sustaining of the general demurrer to count 2 of the petition.

1. It requires no construction of the petition in this case to demonstrate that count 1 is an action for money had and received, and that it was not subject to general demurrer. "Where the vendor breaches an executory contract for the sale of land, the vendee, if not himself in default, may elect to rescind the contract and recover the amount he has paid on the purchase price." Anno. 59 A. L. R. 189, 223, citing many authorities, including: *McDaniel* v. *Gray & Co.*, 69 *Ga.* 433; *Lightfoot* v. *Brower*, 133 *Ga.* 766 (66 S. E. 1094) ; *Higgins* v. *Kenney*, 159 *Ga.* 736, 747 (126 S. E. 837, 40 A. L. R. 685) ; *Mehrtens* v. *Knight*, 29 *Ga. App.* 390 (115 S. E. 506) ; *Clark* v. *Powell*, 30 *Ga. App.* 198 (117 S. E. 250) ; *Jones* v. *Clemons*, 35 *Ga. App.* 552 (2) (133 S. E. 744). These cases sustain the proposition thus stated.

2. An action for the purpose of recovering money paid on such an oral executory contract is an action for money had and received, and is in no sense an action either to enforce a contract for the sale of land or for damages for breach of contract and is not within the statute of frauds. It is, therefore, immaterial that the contract or writing sued upon would be legally insufficient to authorize its enforcement in terms or to authorize the recovery of damages for its breach. See California Delta Farms *v.* Chinese American Farms, 204 Cal. 524 (268 P. 1050), Smith *v.* Bach, 53 Cal. App. 63 (199 P. 1106), Krause *v.* Marine Trust & Savings Bank, 93 Cal. App. 681 (270 P. 246), Hampton *v.* Porter, 215 Ky. 604 (286 S. W. 890), O'Neill *v.* Bennett, 49 S. D. 524 (207 N. W. 543), Chandler *v.* Wilder, 215 Ala. 209 (110 So. 306), Robinson *v.* Batzer, 195 Mich. 235 (161 N. W. 879), Seidlek *v.* Bradley, 293 Pa. 379 (142 A. 914,

68 A. L. R. 134), Kurtz *v.* Busch, 3 N. J. Misc. 389 (128 A. 552), Bishoff *v.* Myers, 101 Okla. 36 (223 P. 165), and Weber *v.* Hulbert, 225 Ill. App. 321. And see, generally, anno. 59 A. L. R. 189-275, and anno. 102 A. L. R. 852-913, and the numerous cases to the like effect there cited.

3. It follows that the trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 26, 1960.

*Allison, Pittard & Webb,* for plaintiff in error.

*William A. Thomas,* contra.

