40538.   WALTER L. TALLY, INC. v. COUNCIL.

DECIDED FEBRUARY 7, 1964.

*Claude Hambrick,* for plaintiff in error.
*Paul T. O'Connor,* contra.

JORDAN, Judge. " 'Where the vendor breaches an executory contract for the sale of land, the vendee, if not himself in default, may elect to rescind the contract and recover the amount he has paid on the purchase price.' Anno. 59 A.L.R. 189, 223, citing many authorities, including: *McDaniel v. Gray & Co.,* 69 Ga. 433; *Lightfoot v. Brower,* 133 Ga. 766 (66 SE 1094); *Higgins v. Kenney,* 159 Ga. 736, 747 (126 SE 837, 40 A.L.R. 685); *Mehrtens v. Knight,* 29 Ga. App. 390 (115 SE 506); *Clark v. Powell,* 30 Ga. App. 198 (117 SE 250); *Jones v. Clemons,* 35 Ga. App. 552 (2) (133 SE 744). These cases sustain the proposition thus stated." *Woodruff v. Camp,* 101 Ga. App. 124 (112 SE2d 831).

The defendant vendor under the terms of the contract of sale was obligated to convey said property by warranty deed to the purchaser at the time the sale was consummated, subject to any incumbrances as specified in the contract. Since there were

no incumbrances specified in the contract of sale, it was the vendor's duty under said contract to convey the subject property to the defendant vendee free and clear of any incumbrances. This is true for the reason that a general warranty in a warranty deed includes the covenant that the land being conveyed is free from incumbrances. *Code* § 29-303; *Sawyer Coal &c. Co. v. Kinnett-Odom Co.*, 192 Ga. 166 (4) (14 SE2d 879); *Robertson v. Webster*, 79 Ga. App. 30 (52 SE2d 511). An incumbrance has been defined as "Any right to, or interest in, land which may subsist in another to the diminution of its value, but consistent with the passing of the fee," Black's Law Dictionary, 4th Ed., p. 908; and this definition which we deem applicable here encompasses an easement or right of way. See *Krotzer v. Clark*, 178 Cal. 736 (174 P 657); *Thackeray v. Knight*, 57 Utah 21 (192 P 263); *Tandy v. Waesch*, 154 Cal. 108 (97 P 69); *Switzler v. Robert A. Klein & Co.*, 94 Cal. App. 410 (271 P 367).

Accordingly, where, as here, the evidence authorized the finding that the defendant vendor had placed an incumbrance upon the subject property by conveying an easement in it to DeKalb County for the purpose of installing and maintaining a sewer line through that property (which according to the testimony of the plaintiff rendered the property less valuable for the use intended) and had thus rendered the performance of its contract impossible, the plaintiff vendee who was not himself in default was entitled to rescind the contract and recover the amount he had paid on the purchase price. *Woodruff v. Camp*, 101 Ga. App. 124, supra.

The trial court did not err therefore in denying the motion for new trial.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*