## 8210. LOUTHER *v.* TIFT.

1. An action for damages for the breach of a bond for title, being a demand founded on a sealed instrument, is not barred until twenty years after the breach.

2. The equitable doctrine as to stale demands has no application where the action is a legal one and the period fixed by the statute of limitations for the assertion of the claim has not expired.

DECIDED JUNE 18, 1917.

Action for breach of bond for title; from Tift superior court— Judge Kent presiding. July 7, 1916.

*R. C. Ellis, R. D. Smith,* for plaintiff.

*Fulwood & Hargrett,* for defendant.

WADE, C. J. Louther brought suit against Tift to recover damages arising from the breach of a covenant contained in a bond for title. His petition, briefly stated, shows that on December 18, 1894, defendant executed to plaintiff a bond for titles to certain described real estate, for which plaintiff agreed to pay the sum of $254; that $122.50 of the purchase-price was to be paid in cash, and that two notes, one for $67.75 and one for $63.75, were given for the remainder; that plaintiff paid defendant the sum of $122.50 in cash on the making of the contract; that he did not remember the maturity dates of the notes, but that they bore interest from date at the rate of eight per cent; that on November 7, 1898, he paid to defendant $35.79 as interest on said notes up to that date; that the land had increased in value between the date of the bond and the filing of this suit from $254 to $3,810; and that on December 5, 1912, defendant sold the land to Hughes and Rigdon. The petition further alleges that the defendant is liable to him in the sum of $2,810, with seven per cent. interest thereon since December 5, 1912, from which amount should be deducted the sum of $208.14, as principal and interest on the two notes above referred to and due defendant. The defendant demurred to the petition, on several grounds, and the case is before this court on exceptions to the sustaining of the demurrer.

The petition in this case, with the exception of the names, dates, amounts, and description of property, is substantially the same as the petition filed in the case of *Buck* v. *Duvall,* 9 *Ga. App.* 656 (72 S. E. 44), and we should probably content ourselves by simply holding that the ruling in that case controls the decision of this case. However, since it is contended in the brief of counsel

for the defendant that this case differs from the *Buck* case, in that the doctrine of "stale demand" was not urged or argued in that case, we will briefly discuss that doctrine. , This suit is a common-law action, instituted to recover damages caused by the breach of a contract. The legislative body of our State has seen proper to place a limitation on actions of this character. The Civil Code, § 4359, provides that "Actions upon bonds or other instruments under seal shall be brought within twenty years after the right of action accrues." Under the pleadings in this particular case, the plaintiff's cause of action arose on the date of the resale, and, notwithstanding his action would not have been barred until twenty years from that date, it was actually instituted within four years from the breach. The statutory period of twenty years, therefore, had not expired, and the cause of action was not barred by the statute of limitations. It seems to be well settled that the doctrine of stale demand is applicable only to equitable cases. In *Ellis* v. *Smith,* 112 *Ga.* 482 (37 S. E. 739), it was held: "The doctrine of stale demand is a purely equitable one, and only arises whenever from the lapse of time and laches of the plaintiff it would be inequitable to allow a party to enforce his legal rights." In the very early case of *Caldwell* v. *Montgomery,* 8 *Ga.* 106, it was held that "A bill filed for the recovery of damages, for the breach of a bond for title, is a demand founded on a sealed instrument, and such a claim is not barred until twenty years after the accrual of the right of action thereon." In the decision it was said: "The plaintiff would not be barred at law, in an action on this bond; nor is he here, in chancery. His right of action had nearly ten years to run. We do not believe that the doctrine of stale demands applies to a claim not barred at law, by half the statutory term." It is clear, from what is said above, that the doctrine of stale demand could not be invoked in a case of this character, and it is extremely doubtful whether the doctrine would apply in an equitable case where there is a statute of limitations covering the subject-matter, for in the case of *Wyche* v. *Greene,* 11 *Ga.* 159, 160 (which was an equitable proceeding), it was said, "But lapse of time can never be set up as a defense in equity, when it would not constitute a good statutable bar at law."

The defendant in error contends that section 4369 of the Civil Code (1910) is applicable to this case, notwithstanding it is a suit

at law for damages for the breach of a bond, and that the right of action on the bond is not affected by the statute of limitations, nor coextensive with the period fixed thereby. Section 4369 is as follows: "The limitations herein provided apply equally to all courts; and in addition to the above, courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." This contention is clearly without merit. In the case of *Georgia Railroad Co.* v. *Wright,* 124 *Ga.* 596, 620 (53 S. E. 251), where the same code-section and the same contention were involved, the Supreme Court said: "This contention is plainly founded on a misconception of the equitable doctrine of stale demands. The principle that a stale demand will not be enforced is peculiarly applicable to equity practice, is available to the defendant only, and can not be employed by the complainant in an equitable proceeding to enjoin the enforcement of a purely legal right. Indeed, by the terms of the statute cited [Civil Code of 1895, § 3777; Civil Code of 1910, § 4369] it is restricted to cases where the 'complainant' has been guilty of laches and time has elapsed to make his claim inequitable." See also Bisph. Eq. (6th ed.) § 39. The point that this action was barred by the doctrine of stale demand is therefore not well taken, since the suit as brought was an action at law, which was not barred under the statute as a legal claim at the time the suit was instituted.

Under the facts alleged, we think that the petition set out a cause of action, and that the court erred in sustaining the general demurrer. As suggested above, the several remaining points raised by the demurrer, and insisted upon by defendant in his brief, are fully controlled by the rulings in *Buck* v. *Duvall,* supra, and therefore need not be discussed.

*Judgment reversed. George and Luke, JJ., concur.*