### 12904, 12905.   GOSS *v.* FINGER; and *vice versa.*

Where there has been a rescission of a contract for the sale of land possession of which has remained in the vendor, the vendee named in the vendor's bond for title to the land may, in the absence of any agreement to the contrary, recover from the vendor the amount of the purchase-money paid, less any damages occasioned to the vendor by reason of the vendee's failure to perform the contract.

DECIDED MARCH 20, 1922.

Action for money had and received; from Gordon superior court — Judge Tarver. August 22, 1921.

*Lang & Lang,* for plaintiff.

*J. G. B. Irwin, F. A. Cantrell,* for defendant.

HILL, J.   Goss bought the land involved in this case from Finger and paid a portion of the purchase-price in cash and gave his promissory notes for the remainder. Finger gave Goss a bond for title. The bond for title contained no provision for the forfeiture of the money paid, nor was time made the essence of the contract. Possession of the land sold was refused to the purchaser. Goss thereafter returned the bond for title to Finger, accompanied by a letter demanding the return of the purchase-money paid and the promissory notes given. No reply was ever made to this letter. Finger afterwards deeded the land to a third person as security for a debt. Goss then brought this action against Finger for the money had and received.

Forfeitures are not favored by the law. Civil Code (1910), § 3717. No provision for a forfeiture of the money paid was in Finger's bond for title to Goss, nor was there any provision making time the essence of the contract. Time is not generally of the essence of the contract. Civil Code (1910), § 4268 (8). Usually

the vendee is admitted into possession under a bond for title. Powell's Actions for Land, § 373. Goss, through his attorneys, returned the bond for title, with a letter containing the condition that Finger return to Goss the part of the purchase-money paid to Finger and the promissory notes signed by Goss. " In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving the letter from the other to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them." Civil Code (1910), § 5741. Goss received no reply to his letter. Finger afterwards deeded the land to another party as security for a debt. " If, without having completed the rescission by restoring status, the vendor in a bond for title resells the property to a third person, who takes without notice of the vendee's equitable title, the vendee may treat the resale either as a rescission or as a breach of the bond. If he elects to treat it as a rescission, he may recover from the vendor the amount of the purchase-money he has paid, . . less the damages which have been occasioned by reason of his [the vendee's] failure to perform the contract." *Buck* v. *Duvall*, 9 *Ga. App.* 656 (4), (72 S. E. 44).

The plaintiff had acquired an equitable title to the land under his bond for title. Whether there had been a rescission of the contract was a question of fact which should have been submitted to the jury. There was no evidence introduced as to the value of the land at any time. If the contract was rescinded, the vendor should have restored the status of the parties prior to the signing of the bond for title, less any damages he may have sustained by reason of the failure of the vendee to perform the contract. This being an action for money had and received, if the contract was rescinded the vendor should restore to the vendee the purchase-money paid and the promissory notes signed, less any damages occasioned to the vendor by reason of the failure of the vendee to perform his contract. Without a provision to that effect in the bond for title, or any agreement to that effect, the vendor could not arbitrarily forfeit the amount of the purchase-money paid him. If the contract was rescinded the vendor could not, without any provision or agreement to that effect, keep the land, the purchase-money paid, and the promissory notes given. The status of the

parties prior to the contract should be restored as far as it is practicable to do so; that is to say, the equitable title of the vendee should be returned to the vendor and the vendor should return to the vendee the promissory notes given and the purchase-money which has been paid less any damage that may have been suffered by the vendor from the transaction. *Lytle* v. *Scottish &c. Co.*, 122 *Ga.* 458 (50 S. E. 402). There was sufficient evidence of a rescission for the question to have been submitted to the jury, with the right in the vendor to prove any damages occasioned him by reason of the failure of the vendee to perform his contract, if any; and the trial court erred in granting a nonsuit.

We do not think that any of the other rulings complained of either in the main bill of exceptions or in the cross-bill were erroneous for any reason assigned.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. Jenkins, P. J., and Stephens, J., concur.*