## KITE *v.* VICKERY *et al.; et vice versa.*

1. The court did not err in overruling the general demurrer to the petition.
2. The evidence being sufficient to authorize a verdict in behalf of the plaintiff, the court erred in granting a nonsuit.

No. 2989, 2990. APRIL 14, 1922.

Equitable petition. Before Judge Hutcheson. Campbell superior court. November 1, 1921.

J. C. Kite filed a petition against T. J. Vickery and his wife, Mrs. L. M. Vickery, alleging in substance as follows: On September 27, 1916, T. J. Vickery executed to A. F. Copeland and J. W. Shuford a bond for title to described property. On November 18, 1918, Copeland and Shuford transferred said bond to petitioner. The consideration for the transfer was paid to Copeland and Shuford on November 17, 1917, but owing to the absence of Shuford the transfer was not actually signed until the date named above. Vickery, on executing the bond to Copeland and Shuford, delivered constructive possession of the property and rented the same by giving his note for the sum of $200 as rent for the year 1917, and paid said note. Before taking the transfer of the bond petitioner went upon the place and stated to Vickery, in the presence and hearing of Mrs. Vickery, that he contemplated pur-

chasing the bond for title to the place; and Vickery said that Copeland and Shuford would fail to pay for the place, and, if so, he would sell the place to Kite for a less sum; but neither Vickery nor his wife made any objection to petitioner purchasing from Copeland and Shuford, and Mrs. Vickery made no claim to the property. On November 15, 1917, the date when the first purchase-money note fell due, petitioner tendered to Vickery the full amount thereof, but Vickery refused to accept it, and refused to carry out the terms of the bond for title. This tender was made after the trade had been made with Copeland and Shuford for the transfer of the bond for title, but before the same had actually been signed. Copeland, one of the vendees named in the bond for title, went with petitioner to Vickery when the tender of the amount due was made to Vickery. Petitioner notified Vickery that the latter would be allowed to remain in possession as a tenant, and that petitioner would demand two hundred dollars rent for the year 1918. Vickery remained in possession, and is due petitioner said sum. In the fall of the year 1918 petitioner notified Vickery that if he remained on the place during the year 1919 he would charge him as rent five bales of cotton; and Vickery did remain on said place during the year 1919, and is due your petitioner said rent. In the fall of the year 1919 petitioner took out a distress warrant against Vickery for said rent, to which Vickery filed a counter-affidavit, and the issue thereon is still pending in court. Vickery remained on the premises during the year 1920, without making any new contract, and is due petitioner five bales of cotton for that year; and it was agreed by counsel that the issue made on the distress warrant be merged and tried together with this case.

Petitioner further alleges, that while Mrs. Vickery had full knowledge of the sale of the land to Copeland and Shuford and the transfer of the bond for title, nevertheless she now claims that on August 8, 1915, her husband conveyed the land to her for a consideration of $500. On December 8, 1917, such a conveyance was placed on the records. Petitioner alleges that Mrs. Vickery is estopped from claiming the land, because she saw and permitted him to purchase it without disclosing her secret equity; and for the further reason that, as petitioner believes, the deed made by Vickery to his wife was dated back and made for the purpose of hindering and delaying petitioner and preventing him from ob-

taining specific performance of the contract. Mrs. Vickery also, on December 28, 1917, executed to J. M. Hogan a mortgage on the land, and had the same recorded. The bond for title attached to the petition is in the usual form, and the consideration named therein is $3125, to be paid as follows: $325 cash, the receipt whereof is acknowledged, and nine consecutive annual payments of $300 each on the 15th day of November, 1917, and each year thereafter until the 15th day of November, 1927, when $100 is to be paid, with interest at the rate of eight per cent. The only reference to the failure on the part of the vendees to pay the purchase-money is as follows: " On failure of the said parties of the second part to pay the said sums of money or either of them at the time specified, then the said obligation to be void and of no effect." The prayers of the petition are: (1) That it be decreed that T. J. Vickery has title to the property, and that petitioner as holder of the bond is entitled to a deed from said Vickery upon payment of the purchase-money named therein. (2) For a judgment against Vickery for the rent alleged to be due, and that said sums recovered as rent be applied to the purchase-money due on said notes set out in the bond for title. (3) That Vickery be decreed to be petitioner's tenant and accountable to him for rents; and for general relief and process.

To the petition the defendants interposed the following demurrer: " that said petition sets forth no cause of action and is insufficient in law." The answer admits the execution of the bond for title to Copeland and Shuford, but it denies that the entire $325 acknowledged as having been received in cash was actually paid, and alleges that only the sum of $182 was paid in cash on the execution of the bond, and that the vendees promised but failed to pay the balance of $143. Other material allegations of the petition were denied. The case proceeded to trial; and after the introduction of evidence by the plaintiff, substantially proving the case as laid in the petition, the court granted a nonsuit. The plaintiff excepted to this judgment; and the defendants excepted to the judgment overruling the general demurrer.

· J. F. Golightly and Lester C. Dickson, for plaintiff.

H. A. Allen, for defendants.

GILBERT, J. The petition set out a cause of action, and the evidence was sufficient to prove the case substantially as laid.

Therefore it necessarily follows that the court erred in granting a nonsuit. *Vickery* v. *Swicord,* 151 *Ga.* 145 (106 S. E. 92). The defendants, Vickery et al., contend that under the terms of the bond, if the purchase-money notes were not paid at the time specified, the vendor had the right to rescind the trade; citing *McDaniel* v. *Gray,* 69 *Ga.* 433, and other later cases to the same purport. They point out that the vendors were still occupying the land in question, never having physically removed therefrom; and therefore contend, that, time being of the essence of the contract, the vendors, upon failure of the purchaser to pay, might elect to pursue either one of the three remedies: first, to reduce the purchase-money notes to judgment, file a deed, and sell the land; or, second, bring ejectment; or, third, rescind the trade and hold possession of the land. The obstacle to the application of either of these remedies is readily seen by reference to the facts. The court having granted a nonsuit, the defendants, of course, introduced no evidence. The plaintiff proved the purchase of the rights of the original vendees in the bond for title previously to the maturity of the first purchase-money note, and on the day that such note matured, in the presence of one of the original vendees, tendered to the vendor the full amount due, which the vendor refused to accept. The refusal, under the evidence, was not placed upon any dispute as to the amount tendered, the manner of the tender, or other similar circumstances. It was placed upon the absolute refusal of the vendor to abide by the terms of the bond for title. It does not matter, therefore, whether the actual money in legal tender was handed to or shown to the vendor. Under such circumstances it is not necessary to consider whether time is of the essence of the contract as stated in the bond for title. The tender and its absolute rejection was equivalent to a compliance with the terms of the bond. The answer of the defendants admitted that Vickery had received $182 in cash at the time of the execution of the bond; the bond itself acknowledges receipt of $325, which was due to be paid on the day the bond was executed. There was no evidence contradicting these facts; nor was there any evidence that the vendor elected to rescind the contract because the entire $325 was not paid in cash, nor that there was any return of the amount received on the purchase-price. As stated in the case of *McDaniel* v. *Gray,* supra, the vendors

should restore to the purchaser the amount of the purchase-money paid, less such an amount as will prevent actual loss to them by reason of the non-performance of the contract on the part of the purchaser. The bond for title contains no provision authorizing the vendor to declare the amount received by him as part payment forfeited for a failure to make such payments. The general principle is that "where the parties themselves have not agreed and prescribed the right of rescission and the circumstances under which it is to be exercised, restoration must be made." Applying these principles to the facts of the case, the court erred in granting a nonsuit; and the judgment must be *reversed* on the main bill of exceptions. Judgment is *affirmed* on the cross bill.

*All the Justices concur.*