## A02A0937. FULTON COUNTY BOARD OF TAX ASSESSORS v. BUTNER.
### (573 SE2d 100)

BARNES, Judge.

The Fulton County Board of Tax Assessors appeals the grant of attorney fees to Alyce Butner in a property tax appeal. After Butner prevailed on the appeal, the superior court awarded her $7,515 in attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii). The Board alleges the award was unauthorized.

The record shows that after the county board of tax assessors determined the value of her property to be $1,222,600, Butner appealed to the county board of equalization, which valued her property at $1,129,100. Not satisfied with this result, she appealed to the superior court, and subsequently a jury valued the property at $950,000. As this amount was less than 85 percent of the valuation placed on the property by the board of equalization, Butner then moved for attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii). The motion was supported by an affidavit from Butner's counsel with attached statements of account.

The Board filed a response to the motion challenging Butner's entitlement to fees because Butner allegedly had not returned this property for taxation which is a condition to an award of attorney fees. See OCGA § 48-5-311 (g) (4) (B) (ii): "This division shall not apply when the property owner has failed to return for taxation the

property that is under appeal." Attached to the Board's response was an affidavit stating that the records of the Fulton County Tax Assessors office showed that no return had been filed for this property. The response, however, did not demand an evidentiary hearing on the motion.

Without holding a hearing, the superior court granted the motion and awarded attorney fees in the amount of $7,515. Relying on OCGA § 48-5-20 (a) (2), the superior court rejected the Board's argument regarding Butner's failure to return the property for taxation. The Board now appeals from that judgment.

On appeal, the Board contends the superior court erred by granting attorney fees because Butner had not returned the property for taxation as required by OCGA § 48-5-311 (g) (4) (B) (ii) and because her appeal was initiated before the effective date of this Code section. Additionally, the Board contends the trial court also erred by awarding attorney fees without holding a hearing. For the following reasons, we must vacate the award of attorney fees and remand the case to the trial court for an evidentiary hearing.

1. The Board contends the award was improper because the superior court did not hold an evidentiary hearing before awarding the fees. We agree.

The "award of attorney fees is unauthorized if [Butner] failed to prove the actual costs of the attorney and the reasonableness of those costs. [Cit.]" *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987). Further, "[a] party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services." *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994).

On appeal, Butner relies upon Uniform Superior Court Rule 6.3, which authorizes the trial court to decide most motions without a hearing, as authority for the court's award of attorney fees without holding an evidentiary hearing on the reasonableness and necessity of the fees. She also asserts that the Board waived the hearing by not requesting one before the superior court ruled on the motion. Rule 6.3 does not apply here, however, because it is silent regarding motions requiring evidentiary hearings. *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 669 (3) (476 SE2d 43) (1996). Moreover, the failure to object to the order awarding attorney fees "does not waive the objection if the defendant has no opportunity to object at the time the order is made. OCGA § 9-11-46 (a). Since no hearing was held on the amount of attorney fees to be awarded, the appellant had no opportunity to object to the award, and therefore, his objection to the order was not waived." Id. at 670.

Accordingly, the superior court's award of attorney fees must be vacated and the case remanded for an evidentiary hearing on

whether Butner is entitled to an award of attorney fees and, if so, in what amount.

2. (a) The Board also contends that the superior court erred by concluding that Butner was not required to file a separate tax return for this property because she had filed a return by operation of law. In reaching this conclusion, the superior court relied upon OCGA § 48-5-20 (a) (2).

> Any taxpayer of any county who acquired real property by transfer in the preceding tax year for which a properly completed real estate transfer tax form has been filed and the real estate transfer tax required under Article 1 of Chapter 6 of this title has been paid, and where no subdivision of the real property has occurred at the time of transfer, shall be deemed to have returned for taxation the same real property as was acquired by transfer at the same valuation as the real property was finally determined to be subject to taxation in the preceding year.

Id. The superior court found that Butner was entitled to the benefits of this Code section because by operation of OCGA § 48-5-20 (a) (2), the property was returned for taxation as required by OCGA § 48-5-311 (g) (4) (B) (ii). The Board's reliance upon *CC Office Assoc. v. DeKalb County*, 219 Ga. App. 101 (464 SE2d 243) (1995), for the proposition that real estate transaction declarations are insufficient to serve as the required tax return for the property is misplaced. *CC Office Assoc.* does not make that holding. Instead, it holds that an *improperly completed* transaction declaration will not suffice.

Nevertheless, the record does not support the trial court's conclusion that Butner satisfied the requirements of OCGA § 48-5-20 (a) (2). No evidence in the record shows that Butner acquired real property by transfer in the preceding tax year, that a properly completed real estate transfer tax form was filed, and that the necessary real estate transfer tax was paid.

This does not mean, however, that the evidence shows that Butner was not entitled to rely on this Code section. Instead, the record shows that the required evidentiary hearing, see Division 1, was not held and Butner had no opportunity to present the evidence on this issue. Upon remand, Butner should be given the opportunity to present evidence showing she is entitled to her attorney fees.

(b) The Board's contention that the Code section permitting the award of attorney fees was not effective at the time Butner's appeal was filed is not properly before this court. The record shows that this issue was not raised in the superior court, and therefore, we cannot consider it because it is raised for the first time on appeal. *Scott v.*

*State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979); *Cooper v. State*, 173 Ga. App. 254, 256 (2) (325 SE2d 877) (1985).

*Judgment vacated and remanded with direction. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 18, 2002.

*Johnson, Freeman & Perkins-Hooker, Ronald J. Freeman, Thomas A. Cox, Jr., Maureen M. McLeod*, for appellant.

*Paul L. Hanes*, for appellee.