## A04A0185. SIMMONS v. BOARD OF TAX ASSESSORS OF EFFINGHAM COUNTY.
(602 SE2d 213)

BARNES, Judge.

J. E. Simmons appeals the decision by the superior court denying his request for litigation costs and attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii) after his successful ad valorem tax appeal. The trial court denied his request because the court found that his "failure to file the 2000 return until seven months after the deadline bars his ability to recover attorney's fees and costs." Simmons contends this was error because under OCGA § 48-5-20 (a) (2), he was not required to file a tax return on his property. We agree, and therefore reverse the decision of the superior court.

1. "The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact." (Punctuation and footnotes omitted.) *Page v. Braddy*, 255 Ga. App. 124, 126 (564 SE2d 538) (2002). As the issue in this appeal is whether Simmons was required to file a property tax return for the year 2000, we must apply the plain legal error standard of review.

2. The evidence shows that Simmons owned a tract of land and that he sold a portion of the land to others pursuant to a land sales contract. He apparently continued to pay the taxes on the land, however, as if he still owned the whole tract. Subsequently, the Effingham County Board of Tax Assessors became aware of the sale and then, pursuant to evidence suggesting that Simmons had subdivided the land, valued the remaining portion of the land under the residential subdivision land schedule rather than as an agricultural timber tract.

Upon Simmons' appeal, the assessed value of his land was reduced to a value that was more than 15 percent lower than the previous assessment. OCGA § 48-5-311 (g) (4) (B) (ii) provides that

[i]f the final determination of value on appeal is 80 percent or less of the valuation set by the county board of equalization as

to commercial property, or 85 percent or less of the valuation set by the county board of equalization as to other property, the taxpayer, in addition to the interest provided for by this paragraph, shall recover costs of litigation and reasonable attorney's fees incurred in the action. *This division shall not apply when the property owner has failed to return for taxation the property that is under appeal.*

(Emphasis supplied.) As there is no dispute that the appeal resulted in the value being reduced so that Simmons would be entitled to litigation costs and attorney fees, the only question is whether he was required to file a tax return.

Simmons contends our decision in *Fulton County Bd. of Tax Assessors v. Butner*, 258 Ga. App. 68, 70 (2) (573 SE2d 100) (2002), controls the decision in this case. In *Butner*, we recognized that a tax return filed by operation of law under OCGA § 48-5-20 (a) (2)[1] would satisfy the requirements of OCGA § 48-5-311 (g) (4) (B) (ii) for filing a tax return. In the same manner, we noted in *Cobb County Bd. of Tax Assessors v. Morrison*, 249 Ga. App. 691, 692-693 (548 SE2d 624) (2001), that under OCGA § 48-5-20 (a) (1),[2]

if the property owner fails to file a return subsequent to the year after transfer, then the prior year's paid taxes are automatically deemed as the assessment value and treated as returned. Thereafter, in the following years, if no return was made, the prior year's paid taxes are treated as the

---

[1] Any taxpayer of any county who acquired real property by transfer in the preceding tax year for which a properly completed real estate transfer tax form has been filed and the real estate transfer tax required under Article 1 of Chapter 6 of this title has been paid, and where no subdivision of the real property has occurred at the time of transfer, shall be deemed to have returned for taxation the same real property as was acquired by transfer at the same valuation as the real property was finally determined to be subject to taxation in the preceding year. Nothing in this paragraph shall be construed to relieve the taxpayer of the responsibility to file a new timely claim for a homestead exemption and personal property exemption or to file a timely return where improvements have been made to the real property since it was last returned for taxation.

[2] Any taxpayer of any county who returned or paid taxes in the county for the preceding tax year and who fails to return his property for taxation for the current tax year as required by this chapter shall be deemed to have returned for taxation the same property as was returned or deemed to have been returned in the preceding tax year at the same valuation as the property was finally determined to be subject to taxation in the preceding year. Each such taxpayer shall also be deemed to have claimed the same homestead exemption and personal property exemption as allowed in the preceding year.

assessed value and automatically deemed returned as the prior year's valuation and assessment.

(Citations omitted.) Consequently, as there is no contention that Simmons did not pay the prior year's taxes, his paid taxes for the prior year are deemed his tax return for tax year 2000. As a result, no legal requirement existed for Simmons to file a separate tax return for 2000, and the late return was a nullity. Under these circumstances, the award of litigation costs and attorney fees is mandatory. Therefore, as we find that the trial court erred by denying Simmons' request for litigation costs and attorney fees under OCGA § 48-5-311 (g) (4) (B) (ii), we must reverse the judgment of the trial court and remand the case with direction to conduct proceedings necessary to make an award of litigation costs and attorney fees as demanded by the evidence.

*Judgment reversed and case remanded with instructions. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 9, 2004 ▬ ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Neal H. Howard, William D. James, William H. Godlove,* for appellant.

*Zipperer, Lorberbaum & Beauvais, Eric R. Gotwalt,* for appellee.